**General Order**
**Western District of Missouri**
**EARLY ASSESSMENT PROGRAM**
**Effective May 9, 2002**

I.    **PURPOSE**

The Early Assessment Program is designed to encourage parties to:  1) confront the facts and
issues in their case before engaging in expensive and time-consuming discovery procedures, 2)
engage in early discussions of the issues, 3) consider the views of the opposing side, 4) consider
the projected costs of future proceedings in an effort to settle the case before costs and
lawyers' fees have made settlement more difficult, and 5) consider other methods of resolving
their disputes.  It recognizes that full formal litigation of civil claims can impose large economic
and other burdens on parties and can delay the resolution of disputes.  It will be administrated
by a "Program Administrator" in the Western, Southern and Central Divisions of this Court.  All
references to "Administrator" shall be deemed to be referring to the "Program Administrator"
or his/her designee.

This Program was carefully designed to allow measurement of savings of time and money to
litigants.  It has proven highly successful on both counts.  Additionally, measures of satisfaction
by judges, lawyers, participants and clients are reflected in the value and success of the
Program.

II.    **PROGRAM DESCRIPTION AND PROCEDURE**

A.    **Case Selection**

1.    All nonexcluded civil cases filed in the Western District shall be included in the
Early Assessment Program.

2.    *Excluded Cases.*  The following cases are excluded from the program:

a.    Multi-district cases
b.    Social Security appeals
c.    Bankruptcy appeals
d.    Habeas Corpus actions
e.    Prisoner *pro se* cases and other *pro se* cases where motion for
appointment of counsel is pending
f.    Prisoner cases
g.    Student Loan cases

5/9/02

Dockets.Justia.com

3.    *Class Actions*. The Administrator may determine in his or her discretion when and how to involve class action cases in the program.

B.    **Early Assessment Meeting/Settlement Meeting (Meeting).** A meeting shall normally be held within thirty days after filing of responsive pleadings or as soon thereafter as practical. A meeting will be held at the time set by the Administrator or Designated Individual.

1.    The Administrator or designated individual shall notify the lawyers (or *pro se* parties, if applicable) of the date of the meeting or a time frame to set the meeting.

2.    At the meeting, the Administrator or designated individual should advise the parties and their lawyers of the various "alternative dispute resolution" (ADR) options available to them for a resolution of their dispute as set out in section VII.

3.    If the Administrator or designated individual, in consultation with the parties, determines that additional discovery is needed , the Administrator or designated individual shall, working with the parties, devise a plan for sharing the important information and/or conducting the key discovery that will equip them, as expeditiously as possible, to enter meaningful settlement discussions.

4.    Regardless of whether a case enters the ENE program, the Administrator or designated individual shall also help the parties identify areas of agreement and explore the possibility of settling the case through mediation techniques. If appropriate, a mediation or early neutral evaluation process may be initiated immediately, or at a later date, with the Administrator or designated individual serving as mediator.

5.    Participants in the program must select, with the assistance of the Administrator or designated individual, one of the ADR options. If the parties are unable to agree, the Administrator or designated individual shall select the ADR option. If the Administrator or designated individual determines that a second session is necessary before a decision can be reached on the appropriate ADR process, it may be scheduled as soon as possible.

6.    The first session of the ADR process selected should not be held later than forty-five days after the first meeting, unless the Administrator or designated individual, in his or her discretion, determines that a later date is necessary. Additional sessions can be required by the Administrator or Judge.

5/9/02

C.     **Opting Out**. Cases will not normally be allowed to opt out of the program. However, there may be cases where good cause can be demonstrated for opting out. All requests to opt out shall be in letter form and shall set forth in detail the reasons for the request. A letter asking to opt out shall be directed to the Administrator within ten days of receiving notice that the case is assigned to the program. Subject to the considerations stated herein, the Administrator may grant or deny the request in his or her discretion. Appeals from the Administrator's decision, while discouraged, may be made by written motion to the judge to whom the case is assigned.

D.     **Notice to Parties**. Notice to parties of case selection for the program shall be provided as follows:

    1.     The Clerk shall provide a copy of the Notice to each lawyer filing an action and to each eligible person filing such action *pro se*.

    2.     The Notice shall be attached by the Clerk to each summons issued in such action.

    3.     Each lawyer shall, within twenty days after notice of suit, mail or deliver a copy of the Notice to each party that he or she represents, and shall promptly file a certificate stating:

       (a)     client's name, date and address to which the Notice was mailed; or
       (b)     client's name and the date and place of delivery of the Notice.

    The certificate may be contained in the answer or other responsive pleading.

III.     **PROGRAM ADMINISTRATOR (ADMINISTRATOR)**

A.     **Selection**. A Program Administrator for each Division shall be selected by the Court.

B.     **Administrator - Responsibilities**. In addition to any responsibilities or duties noted elsewhere in this General Order, the Administrator shall have the following responsibilities:

    1.     Administer the program, including developing rules consistent with this General Order and coordination of all activities with the office of the Western District Clerk. The Administrator shall be responsible for the assignment of cases in the Early Assessment Program.

5/9/02

2.    Serve as a mediator at the assessment meeting or at any subsequent session in his or her discretion.  The Administrator may set and conduct mediation sessions as time permits.

3.    Assign cases for mediation or for other appropriate ADR procedure to:  United States Magistrate Judges, United States Bankruptcy Judges, outside mediators (sometimes referred to as "designated individual"), the Administrator, and if a United States District Court Judge consents to the assignment, cases may be assigned to a United States District Court Judge.

4.    Assist in monitoring the evaluation of the program, including participation in the development, compilation and analysis of questionnaires for lawyers and clients.

5.    To require mediators on the list to take selected cases *pro bono*.  Such assignment shall be made using a fair process in the sole discretion of the Administrator.  The Administrator shall develop guidelines for determining whether a case qualifies for *pro bono* assignment.

6.    Report to the Court on the status of the program, making appropriate recommendations for modifications of the program.

7.    Decide, in his or her discretion, at any time in the process, to exempt, temporarily suspend, delay the start date or withdraw a case from the program, if for any reason, the case is not suitable for the program.

8.    Permit, in his or her discretion, parties to submit written statements, no longer than ten pages, and no sooner than seven days  prior to the session, for those ADR processes where written statements are not usually submitted.

9.    Develop a policy which will address the collection of files, written statements, and other confidential materials for storage or destruction.

IV.    **ATTENDANCE AT PROGRAM SESSIONS**

A.    **Parties**

1.    It is the intent of the Court that the parties attend all program sessions where there will be significant discussion about resolving the case.  The parties themselves shall attend all program sessions unless their attendance has been excused in advance by the Administrator, Mediator or Designated Individual.  This attendance requirement reflects the Court's view that one of the principal

5/9/02

purposes of the program sessions is to afford litigants an opportunity to articulate their positions and to learn about opposing parties' positions.

2.    Where attendance of a party is required, a party other than a person satisfies the attendance requirement if it is represented by a person or persons, other than outside or local counsel, with authority to enter into stipulations, with reasonable settlement authority, and with sufficient stature in the organization to have direct access to those who make the ultimate decision about settlement. In addition, if an insurance company's approval is required by any party to settle a case, a representative of the insurance company with significant settlement authority shall attend the early assessment meeting in person.  If it appears to the Administrator, Mediator or Designated Individual that a case is not being reasonably evaluated by the representative present, the Administrator, Mediator or Designated Individual may meet privately with one or both sides to determine the analysis that has gone into the evaluation of the case, including the names and the authority of the individual involved in the analysis.  The Administrator, Mediator or Designated Individual may request identified individuals or designate a level of authority to be present if subsequent early assessment meetings or alternative dispute resolution procedures are scheduled under the Early Assessment Program.  The Administrator, Mediator or Designated Individual may vary the mandates of this section IV.A.2.

B.    **Counsel**.  Each party shall be accompanied by the lawyer expected to be primarily responsible for handling the trial of the matter.  If an individual is not represented by counsel, that party may appear on his or her own behalf.

C.    **Location**.  The program sessions shall be held in meeting space at the United States Courthouse, or in some other location selected by the Administrator, Mediator or Designated Individual, or in a location agreed to by the parties and approved by the Administrator, Mediator or Designated Individual.

V.    **CONFIDENTIALITY**

A.    **General Provision**

1.    This Court shall treat as confidential all written and oral communications, not under oath, made in connection with or during any Early Assessment Program session except as noted in sections V.B. and D.

2.    Any communication not under oath made in connection with this program shall not be disclosed to anybody unrelated to the program by the parties, their

5/9/02

counsel, mediators or any other participant in the program and shall not be used for any purpose in any pending or future proceeding in this Court except by consent of the parties or as allowed under the Federal Rules of Evidence or sections V.B. or D. below.  Communications made in connection with any proceeding in connection with this program include the comments, assessments, evaluations or recommendations of the Administrator, Mediator or Designated Individual.  Mediators shall not discuss any matter communicated to them during any program proceeding except with the permission of the parties or as allowed in sections V.B. or D. below.

B.  **Exceptions**

1.  The Administrator may attend any program session and may discuss with any Mediator, Designated Individual or party any communication, comment, assessment, evaluation or recommendation.

2.  The Administrator may require any attorney or party to provide status reports on any ADR matter.

3.  The Administrator, Mediators and Designated Individuals may communicate to the assigned judge or the Court en banc regarding noncompliance by parties or lawyers with this General Order.

4.  Nothing in section V.A. above shall prevent any party, the Administrator, Mediator or Designated Individual from discussing with any other participant in the program any communication made in connection with the program.

C.  **Information Under Oath**.  Any information furnished under oath, whether by affidavit, testimony or otherwise, may be used for impeachment purposes in this Court or elsewhere.  Nothing in this Order is intended to provide any protection from the criminal consequences of making a false statement under oath.

D.  **Evaluation**.  Nothing in section V.A. shall be construed to prevent parties, counsel, the Administrator, Mediator or Designated Individual from responding to inquiries by persons duly authorized by the Court en banc to analyze and evaluate the program.  The names of the people responding and any information that could be used to identify specific cases or parties shall be confidential.

E.  **No Recording**.  No recording shall be made of any of the meetings or sessions held under the program, nor shall parties utilize private reporters or any other type of recording technology during the program meetings or sessions, unless all parties agree,

5/9/02

or unless the recording is made under non-binding arbitration, or unless the parties have agreed to binding arbitration.

VI.    **EVALUATION**

If funds are available, the Court may require evaluation of the program to: (a) determine the success of the program in expediting the processing of cases and reducing costs; (b) measure the satisfaction of the parties with the program; and (c) compare components or elements of the program.

VII.    **ALTERNATIVE DISPUTE RESOLUTION (ADR) OPTIONS AND PROCEDURES**

A.    **Procedures Applicable to Mediation, Early Neutral Evaluation and Any Other ADR Sessions**

1.    In every case, the Administrator shall:

(a)    designate the method of selection of the individual who will serve as the mediator in accordance with this program; and

(b)    designate the period in which the ADR process shall be conducted if the mediator is not an employee of the court.

2.    Not later than ten days after selection of a mediator who is not a court employee, counsel shall file a report with the Administrator stating the agreed-upon meeting date for the ADR process selected. Where a court employee is the mediator, counsel shall work out the schedule with the court employee mediator.

3.    Upon failure of counsel either to file the report or to secure a mutually agreeable date, the Administrator or judicial mediator shall fix the date, time and place for the ADR process.

4.    Failure to comply with the attendance or settlement authority requirements of sections IV.A. and C. of the General Order may subject a party, and/or the lawyer, to sanctions by the Court.

5.    The Mediator who is not an Administrator or Judge may, with the consent of all parties and counsel, reschedule the session to a date certain not later than ten days after the scheduled date. Any continuance beyond that time must be approved by the Administrator.

5/9/02

6.   Subject to approval of the Mediator, the session may proceed in the absence of a party who, after due notice, fails to be present.  Upon motion of an attending party or upon the Court's own motion, sanctions may be imposed by the Court on any party or lawyer who, absent good cause shown, failed to attend the meeting.

7.   Within ten days following the conclusion of the session, the Mediator and counsel shall file a report with the Administrator stating whether all required parties were present and the outcome of the session, in addition to other information the Administrator may require for evaluation or follow-up purposes. The Administrator may request a status report from the lawyers at any time.

8.   If the parties settle the case prior to the ADR session, the Mediator, Administrator and Court shall be advised promptly.

B.   **Description of Specific ADR Options and Procedures**

1.   **Mediation (including Facilitative Mediation, Evaluative Mediation and Judicial Mediation)**

   a.   Mediation is a process in which a neutral third party assists the parties in developing and exploring their underlying interests (in addition to their legal positions), promotes the development of  options and assists the parties toward settling the case through negotiations.

   b.   The mediator should  be a person who possesses the unique skills required to facilitate the mediation process, including the ability to help the parties develop alternatives, analyze issues, question perceptions, use logic, conduct private caucuses, stimulate negotiations between opposing sides and keep order.

   c.   The mediation process does not normally contemplate presentations by witnesses.  The mediator does not review or rule upon questions of fact or law, or render any final decision in the case.

   d.   The Mediator may also offer a nonbinding, reasoned evaluation of the case on its merits.

   e.   No Evaluator or Mediator has power to impose a settlement or to dictate any agreement regarding the pretrial management of the case.

5/9/02

      f.      Mediation statements, if required, shall not be filed with the Court, and the Judge assigned to hear the case shall not have access to them.

      g.      The Mediator may give to any or all parties:

      (1)      an estimate, where feasible, of the likelihood of liability and the dollar range of damages; and

      (2)      an opinion of the verdict if he or she were the trier of fact.

2.    **Early Neutral Evaluation**. Early neutral evaluation is a process in which parties obtain from an experienced neutral (an Evaluator) a non-binding, reasoned evaluation of the case on its merits. After essential information and position statements are exchanged, the Evaluator convenes a session which typically lasts about two hours. At the meeting, each side briefly presents the factual and legal basis of its position. The Evaluator may ask questions and help the parties identify the parties' underlying interests and main issues in dispute, as well as areas of agreement. He or she may also help the parties explore options for settlement. If settlement does not occur, the Evaluator then offers an opinion as to the settlement value of the case, including the likelihood of liability and the likely range of damages. With the benefit of this assessment, the parties are again encouraged to discuss settlement, with or without the Evaluator's assistance. They may also explore ways of narrowing the issues, exchanging information about the case or otherwise preparing efficiently for trial.

3.    **Other Options**. The Administrator in his or her discretion, after consultation with the parties, may select some other form of alternative dispute resolution such as mini-trials, summary jury trials, or some hybrid form of alternative dispute resolution. The Administrator may not select binding arbitration unless all parties agree.

VIII.   **LIST OF NEUTRALS/MEDIATORS**

A.    **List of Mediators**. The Administrator shall prepare a list of persons who appear to have the minimum requirements to serve as a Mediator, as described below. The Administrator may add or delete persons from the List of Mediators. A copy of the List of Mediators will be furnished upon reasonable request.

A separate list shall be prepared for each of the following: the Western Division, Central Division, and Southern Division.

5/9/02

Being on the List of Mediators is not an indication that a person is a qualified mediator. The Court is not certifying or representing that persons on the List of Mediators are qualified.

B.    **Minimum Requirements to be on the List of Mediators**

    1.    All applicants for the List of Mediators must complete the required application form.

    2.    A person may be placed on the List of Mediators if:

        (a)    the person has been a United States District Judge, a United States Appellate Judge, a United States Magistrate Judge, a United States Bankruptcy Judge, a Missouri Circuit Court Judge, or a Missouri Appellate Judge; and has had arbitration or mediation experience, and has not demonstrated any trait or behavior that is reasonably believed by the Administrator to be contrary to the effective and efficient management of this program; or

        (b)    the person is currently admitted to the Bar of this Court, has been a member of a state bar for at least eight consecutive years, has completed 16 hours of Continuing Legal Education training, certified under Missouri Supreme Court Rule 17 or by this Court, or the reasonable equivalent thereof, and has not demonstrated any trait or behavior that is reasonably believed by the Administrator to be contrary to the effective and efficient management of this program.

C.    **Removal From List of Mediators.**  The Administrator may remove any person from the List of Mediators for any reason consistent with the effective management of the program.

D.    **Selection of Neutrals**

    1.    The parties or their attorneys may, within fifteen days after notice to select a Mediator, select as a Mediator any person on the List of Mediators.  If the Administrator approves, in writing and in advance, the parties may select as a neutral a person not on the List of Mediators.

    2.    If the parties do not agree on a neutral, the Administrator will give the parties a list of potential neutrals selected by the Administrator.  The number of potential

5/9/02

neutrals on the list will be twice the number of "sides" in the litigation plus one. (For example, in litigation having two "sides," the list will contain five names.) The list of potential neutrals will be dated the date it is delivered to the parties or the date it is mailed to the parties by the Administrator.  The parties shall have ten days from the date on the list of potential neutrals to:

(a)    agree as to a neutral on the list and to report the selection of the agreed neutral to the Administrator in writing, or

(b)    designate a "strike" of the names of two potential neutrals on the list of potential neutrals.  The strikes shall be in writing and shall be delivered to the Administrator.

Unless the parties have agreed on a neutral as set out above, the Administrator shall designate one of the persons remaining on the list of potential neutrals and shall promptly notify the parties and the neutral of the designation.

E.    **Oath**.  Each Mediator shall take and sign the oath or affirmation prescribed by 28 U.S.C. § 453 before acting as a Mediator.

F.    **Disqualification**

1.    Title 28 U.S.C. § 144 may be utilized to seek the disqualification of a Mediator.

2.    No person shall serve as a Mediator in any action in which any of the circumstances specified in 28 U.S.C. § 455 exist and would apply if the mediator were a "judge."

3.    Any party who believes that a Mediator has a conflict of interest or should be disqualified shall immediately bring the matter to the attention of the Administrator.

G.    **Compensation**

1.    a.    Normally Mediators shall be compensated no more than the hourly rate listed by them in their application filed with the Administrator and shown on the List of Mediators.  However, if agreed in writing and in advance between the Mediator and the parties, the Mediator may be compensated at the hourly rate stated in such agreement.

5/9/02

        b.        The Administrator may promulgate additional guidelines for Mediators for allowable charges by nonjudicial Mediators (e.g., for research, preparation, opinion writing, etc.) and expenses.

        c.        Absent agreement to the contrary, or unless the Administrator determines otherwise, the cost of the Mediator's services shall be borne equally by the parties.

        d.        A duplicate of all charges for a Mediator's compensation and expenses shall be sent to the Administrator.

        e.        Except as provided in this section, a Mediator shall not charge or accept anything of value from any source whatsoever for or relating to acting as a Mediator.

    2.        A party may request the service of a Mediator on a *pro bono* basis, if a party demonstrates to the Administrator an inability to pay the fees of the Mediator. As a condition to inclusion on the List of Mediators maintained by the Administrator, a Mediator shall agree to serve *pro bono* periodically as assigned by the Administrator.

  H.    **Mediators as Counsel in Other Cases**.  Any person who is designated as a Mediator pursuant to this General Order shall not for that reason be disqualified from appearing as counsel in any other unrelated case pending before the Court.

  I.     **Reports of Violations**.  Mediators and attorneys shall promptly report in writing violations of this General Order to the Administrator and the Court.

IX.   **SANCTIONS**

If a party fails to make a good faith effort to participate in the program in accordance with the provisions and spirit of this Order, the assigned Judge or Court may impose appropriate sanctions.

(Adopted effective Jan. 1, 1992, through Dec. 31, 1994; amended April 7, 1992; ending date extended through Sept. 30, 1995, by General Order dated Oct. 27, 1994; ending date extended through Dec. 31, 1996, by General Order dated Nov. 15, 1995; amended by General Order effective Jan. 1, 1999, and extended through the effective date of this order;

5/9/02

amended effective March 1, 2002, by General Order dated Feb. 22, 2002; amended by General Order dated and effective May 9, 2002.)

5/9/02